# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 19-60484
Summary Calendar

Jugdeneth Elizabeth Ponce-Alvarado, *also known as*
Judinieth Ponce Alvarado,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 620 260

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Jugdeneth Elizabeth Ponce-Alvarado, a native and citizen of
Nicaragua, petitions for review of an order of the Board of Immigration
Appeals (BIA) denying her motion to reopen removal proceedings.  Ponce-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

Alvarado argues that the BIA abused its discretion by failing to adequately consider her arguments for equitable tolling. Relying on the Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Ponce-Alvarado also contends that the Notice to Appear (NTA) did not end her continuous presence in the United States or vest the immigration court with jurisdiction because it did not specify the date and time of her removal hearing. She asserts that the BIA abused its discretion by concluding that the NTA was not deficient, that the NTA conferred jurisdiction upon the immigration court, and that she was not prima facie eligible for cancellation of removal. She further challenges the BIA's rejection of her due process argument and its refusal to reopen proceedings sua sponte.

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

We need not address Ponce-Alvarado's arguments regarding equitable tolling because the BIA addressed the merits of her motion under the assumption that she provided adequate justification for the motion's untimeliness. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (reasoning that a court "may usually only affirm the BIA on the basis of its stated rationale"). Her arguments regarding the allegedly deficient NTA and the lack of jurisdiction by the immigration court are foreclosed by this court's decisions in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020), and *Yanez-Pena v. Barr*, 952 F.3d 239 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208). Thus, she does not show that the BIA abused its discretion in concluding that she failed to establish prima facie eligibility for cancellation of removal. *See Yanez-Pena*, 952 F.3d at 245-46; *INS v. Abudu*, 485 U.S. 94, 104 (1988); *Zhao*, 404 F.3d at 303.

Her due process claim fails to implicate a protected liberty interest. *See Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). Finally, we dismiss for lack of jurisdiction the portion of Ponce-Alvarado's petition seeking review of the BIA's decision to decline to reopen the proceedings sua sponte. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017).

The petition for review is DENIED IN PART and DISMISSED IN PART.